UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KADAR A. HARRIS,

                          Plaintiff,

              -against-

BELLECLAIRE HOTEL LLC.,

                          Defendant.

20-CV-5806 (JPO)

ORDER OF DISMISSAL

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid.  Plaintiff invokes the Court's federal question jurisdiction, and alleges that Defendant violated "residential liability laws."  The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The complaint sets forth the following facts.  Plaintiff Kadar A. Harris lives in the Belleclaire Hotel, located at 250 West 77th Street in Manhattan, and is an "essential worker" at a

law firm. (Dkt. No. 2 at 9.) He has a roommate, Walter Szumski, who is 64 years old, has multiple health issues, and is at high risk of contracting COVID-19. In addition to Plaintiff's roommate, other elderly residents are sheltering in place for fear of contracting COVID-19.

Beginning in May 2020, Plaintiff noticed construction in the hotel and new people arriving, whom he observed "celebrating, going up and down the elevators, and gathering in the lobby; most without wearing masks." Plaintiff learned that the hotel was to begin "to be used to house individuals who are affected by transitional living circumstances." (Dkt. No. 2 at 8.) Hotel staff failed to alert Plaintiff and his roommate that the hotel was going to participate in "this city program," and did not provide them with personal protective equipment. According to Plaintiff, "only empty hotels are supposed to be utilized to house such individuals during the pandemic"; the new residents "clearly are homeless" and have addiction issues; the building now "smells horrible"; no "sterilization efforts are being made"; and there are only "three small antique passenger elevators" available.

Plaintiff seeks $50 million in damages because Defendant's "negligent acts and lack of reasonable care" have caused Plaintiff "to suffer from severe emotional distress," anxiety, and "mental anguish" requiring "psychological treatment." (Dkt. No. 2 ¶ IV.)

## DISCUSSION

### A.      Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

**1.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff alleges that the private hotel where he resides is violating city or state law. Although Plaintiff invokes the Court's federal question jurisdiction, these facts do not suggest a federal cause of action.  For example, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Plaintiff fails to allege either state action or a

3

violation of federal or constitutional law.  Instead, Plaintiff is suing a private hotel for violating city or state law.

### 2.      Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action.  To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount.  *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.[1]

### 3.      Claims on Behalf of Other Individuals

The complaint could be read as asserting claims on behalf of Plaintiff's roommate and other hotel residents.  The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing [her]self."  *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). A person must be litigating an interest personal to him."  *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

---

[1] The Court takes no position on the merits of any claims Plaintiff might pursue in state court.

4

Plaintiff has not alleged any facts suggesting that he is an attorney. He therefore cannot assert any claims on behalf of other individuals.

## B.    Leave to Replead

The Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff is proceeding *pro se*, and in an abundance of caution, the Court grants Plaintiff thirty days' leave to replead to allege any facts stating a claim over which the Court has subject matter jurisdiction.[2]

## CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, the Court grants Plaintiff thirty days' leave to file an amended complaint. If Plaintiff fails to file an amended complaint, or if the amended complaint is insufficient, the Court will enter judgment, and this matter will be closed. The request for issuance of a summons is denied without prejudice to reconsideration should Plaintiff submit an amended complaint.

---

[2] Plaintiff is not an inexperienced litigator, *see Harris v. Lotos Club*, No. 09-CV-4731 (GBD) (KNF) (S.D.N.Y. Jan. 4, 2010) (voluntarily dismissed by stipulation); *Harris v. Olympic Tower*, No. 10-CV-8271 (BSJ) (THK) (S.D.N.Y. Jan. 4, 2010) (Sept. 8, 2011) (adopting report and recommendation and dismissing complaint for failure to effect service under Federal Rule of Civil Procedure 4); *Harris v. Eastdil Secured, LLC,* No. 18-CV-11716 (PGG) (S.D.N.Y. May 29, 2019) (dismissed under stipulated settlement); *Harris v. Apollo Global Management, Inc.* No. 19-CV-11544 (RA) (S.D.N.Y. Apr. 23, 2020) (dismissed under stipulated settlement), and he should be able to submit a viable pleading if facts exist to support it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where *pro se* litigant with a litigation history may be charged with knowledge of particular legal requirements).

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.  *Pro se* parties also are encouraged to consent to receive all court documents electronically.  A consent to electronic service form is available on the Court's website.  *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street).  For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 5, 2020
          New York, New York

_____
J. PAUL OETKEN
United States District Judge